962 A.2d 602 (2009)
404 N.J. Super. 531
612 ASSOCIATES, L.L.C., Plaintiff,
v.
NORTH BERGEN MUNICIPAL UTILITIES AUTHORITY, Defendant-Appellant, and
North Hudson Regional Sewer Authority, Defendant-Respondent, and
New Jersey Department of Environmental Protection,[1] Defendant.
No. A-3036-07T3
Superior Court of New Jersey, Appellate Division.
Argued December 10, 2008.
Decided January 21, 2009.
*603 Geoffrey Johnson, argued the cause for appellant (Johnson & Conway, LLP, attorneys, Ho-Ho Kus; Mr. Johnson and John A. Napolitano, on the brief).
Frank Covello, Hasbrock Heights, argued the cause for respondent (Leanza & Agrapidis, P.C., attorneys; Mr. Covello, of counsel and on the brief).
Laurence R. Maddock, Secaucus, argued the cause for amicus curiae Bergen County Utilities Authority (Waters, McPherson, McNeill, P.C., attorneys; E. Neal Zimmermann, of counsel; Mr. Maddock, Donald J. Fay and Robert D. Thompson, on the brief).
Before Judges CUFF, FISHER and BAXTER.
The opinion of the court was delivered by
BAXTER, J.A.D.
This appeal requires us to interpret portions of the Sewerage Authorities Law (SAL), N.J.S.A. 40:14A-1 through -45, and the Municipal and Counties Utilities Authorities Law (MCUAL), N.J.S.A. 40:14B-1 through -78. In particular, we are called upon to decide whether the trial court erred when it concluded that only the sewerage or utilities authority to which a housing development is directly connected is entitled to a sewerage connection fee, even though such entity does not ultimately treat the effluent. The judge rejected the argument that the entity that has an indirect connection to the property in questionbut which ultimately treats the effluentis entitled to share the connection fee on a non-duplicative basis. We conclude the entity that actually treats the effluent is entitled to collect from a new user a non-duplicative connection fee representing *604 a fair contribution for the past capital costs of its treatment facility even though the actual connection is only indirect. The Law Division erred when it held otherwise. We accordingly reverse its order of January 22, 2008.

I.
Plaintiff, 612 Associates, L.L.C., constructed a fifty-two unit condominium development ("the project" or "the property") at 612 30th Street in Union City. As development progressed, plaintiff sought to connect the project to a sewerage system. Because the project is located within Union City, plaintiff was required to directly connect its sewerage disposal system to the sewer lines operated by defendant, North Hudson Sewerage Authority (North Hudson SA). However, because of the project's elevation, effluent flows only 300 feet through North Hudson SA's collection lines before reaching defendant North Bergen Municipal Utilities Authority's (North Bergen MUA) sewer lines, where it ultimately travels to, and is treated by, North Bergen MUA's treatment facility.
It is undisputed that the sewerage flow generated by plaintiff's project will only be treated by North Bergen MUA's treatment facility, not by the treatment facility operated by North Hudson SA. Thus, without the indirect connection to the North Bergen MUA lines, the effluent from plaintiff's development could not, and would not, be treated.
Although North Hudson SA treats seventy-five percent of the sewage collected from Union City, the balance is treated either by defendant North Bergen MUA or by the Jersey City Sewerage Authority. Plaintiff's property is among the twenty-five percent of Union City properties whose sewage enters the collection lines of North Hudson SA, but is not treated by North Hudson SA, instead flowing to another entity, here North Bergen MUA, for ultimate treatment.
Because North Hudson SA and North Bergen MUA both asserted the right to collect a connection fee, and plaintiff was unwilling to pay a duplicative fee, plaintiff filed a complaint in interpleader in which it sought a determination from the court determining which entityNorth Hudson SA or North Bergen MUAwas entitled to the connection fee. By order of September 7, 2007, the court permitted plaintiff to deposit the $153,655 connection fee into an escrow account pending the determination of the dispute. The Law Division rendered an oral decision on January 18, 2008, holding that North Bergen MUA was not entitled to a connection fee because the relevant portions of the SAL and MCUAL, N.J.S.A. 40:14A-8 and N.J.S.A. 40:14B-21, respectively, did not authorize North Bergen MUA "to charge a connection fee to those properties that [only] indirectly connect to its sewer system."[2] Accordingly, the judge concluded that only North Hudson SA would receive the connection fee related to the connection of plaintiff's development into the Union City sewer system, while North Bergen MUA would receive all subsequent service fees associated with the processing of effluent from plaintiff's property.
*605 In reaching that determination, the judge framed the issue in an either/or fashion, posing the question of whether the connection fee was owed to North Hudson SA or whether instead it was owed to North Bergen MUA. The judge did not consider whether the applicable statutes required plaintiff's connection fee to be apportioned on a non-duplicative basis between both defendants.
In reaching the conclusion that only North Hudson SA was entitled to the connection fee, the judge observed that although applicable portions of the MCUAL and SAL authorize municipal utilities authorities and sewerage authorities to impose service charges on properties that connect both directly and indirectly to a sewerage system, the statutes addressing connection fees contain no reference to "indirect" connections. The judge then concluded that the Legislature's exclusion of "indirect connection" language from the connection fee portion of the statutes required the conclusion that entities with only an indirect connection are not entitled to share a connection fee with the entity that has the direct connection. She then held that only North Hudson SA was entitled to collect a connection fee from plaintiff because only North Hudson SA provided a direct physical connection for the new project.
On appeal, North Bergen MUA raises a single claim, arguing that "as a user of the North Bergen Sewer System, plaintiff is required to pay a connection fee to North Bergen." We granted the motion of amicus curiae, Bergen County Utilities Authority, to submit a brief and participate in argument.

II.
The parties do not dispute the facts, but instead argue that the judge misapplied the law. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995).
North Bergen MUA and amicus both argue that the Law Division's interpretation of the statute was erroneous and unfairly deprives the entity that will be treating the waste the opportunity to recoup its original construction costs from a property that benefits from the service provided by that entity. Amicus informs us that many of the largest sewerage treatment facilities in New Jersey currently assess connection fees for indirect connections to their sewerage systems.[3] Amicus explains the relationship between the direct and indirect connection in the following terms:
In the typical case, when a new user directly connects to a local sewerage authority's or municipality's collection system, there is also a simultaneous and extremely important indirect connection linking the new user to the regional or county utilities authority's treatment system, which includes trunk lines and the treatment facility. Both the collection system, operated by a municipality or local sewerage authority and the sewerage treatment system, operated by the regional or county utilities authority, are *606 vital to the sewerage treatment process. It is axiomatic that without the infrastructure of both of these entities, the new user's sewerage could not be treated.
It is common in the industry that a connection fee is paid to the municipality or local sewerage authority to which the direct connection is made in order to help to pay for the original construction costs of that municipality's or local sewerage authority's sewerage collection systems, which includes its sewer pipelines and pumping stations. A connection fee is also commonly paid by the new user to the regional or county utilities authority for the indirect, but simultaneous connection to its trunk lines and sewerage treatment facility in order for that new user to help pay for the original construction costs of the regional or county utilities authority's sewerage treatment system.
....
There ordinarily is no overlap or duplication between the two connection fees. The new user reimburses its "fair share" of the investment made by the governmental entities in two distinct infrastructure systems: to wit, the local or municipal sewerage authority's collection system and the regional or county utilities authority's treatment system.
N.J.S.A. 40:14A-8(b), a portion of the SAL, sets forth the connection fees that a sewerage authority such as North Hudson SA may collect. The statute provides:
In addition to any such periodic service charges, a separate charge in the nature of a connection fee or tapping fee, in respect of each connection of any property with the sewerage system, may be imposed upon the owner or occupant of the property so connected.... [T]he amount thereof shall not exceed the actual cost of the physical connection, if made by the authority, plus an amount computed in the following manner to represent a fair payment toward the cost of the system:
(1) The amount representing all debt service, including but not limited to sinking funds, reserve funds, the principal and interest on bonds, and the amount of any loans and interest thereon, paid by the sewerage authority to defray the capital cost of developing the system as of the end of the immediately preceding fiscal year of the authority shall be added to all capital expenditures made by the authority not funded by a bond ordinance or debt for the development of the system as of the end of the immediately preceding fiscal year of the authority.
[N.J.S.A. 40:14A-8(b).]
Under the SAL, the definition of "sewerage system" encompasses both a sewage collection line and a sewage treatment plant. The statute provides:
[T]he plants, structures, on-site wastewater systems, and other real and personal property acquired, constructed, maintained or operated or to be acquired, constructed, maintained or operated by a sewerage authority for the purposes of the sewerage authority, including sewers, conduits, pipe lines, mains, pumping and ventilating stations, sewage treatment or disposal systems, plants and works, connections, and outfalls, compensating reservoirs, and other plants, structures, boats, conveyances, and other real and personal property, and rights therein, and appurtenances necessary or useful and convenient for the collection, treatment, purification or disposal in a sanitary manner of any sewage, liquid or solid wastes, night soil or industrial wastes[.]
[N.J.S.A. 40:14A-3(8) (emphasis added).]
*607 N.J.S.A. 40:14B-22, a portion of the MCUAL, is virtually identical to the relevant language in the SAL. It authorizes municipal and county authorities, such as North Bergen, to collect a connection fee. That statute provides:
Every municipal authority is hereby authorized to charge and collect rents, rates, fees and other charges (in this Act sometimes referred to as "sewerage services charges") for direct or indirect connection with, or the use or services of, the sewerage system....
In addition to any such sewerage service charges, a separate charge in the nature of a connection fee or tapping fee, in respect of each connection of any property with the sewerage system, may be imposed upon the owner ... of the property so connected....
[N.J.S.A. 40:14B-22.]
In addition, the definition of a "sewerage system" under the MCUAL is virtually identical to the definition set forth in the SAL. See N.J.S.A. 40:14B-3(9).
The connection fee "has two components: the cost of physical connection if made by the authority and an amount representing `a fair payment' by the connector `toward the cost of the system.'" Nestlé USA v. Manasquan River Reg'l Sewerage Auth., 330 N.J.Super. 510, 513, 750 A.2d 157 (App.Div.), certif. denied, 165 N.J. 604, 762 A.2d 219 (2000). As Judge Pressler observed in Nestlé, "[t]he fundamental scheme is for the new user, who is benefiting from those capital costs, to contribute to the authority's already incurred debt service and thereby to relieve prior users of a portion of that burden in order that all users share the debt service equally." Ibid.
The rationale that underlies Judge Pressler's analysis of the applicable statutes is that all users who benefit from the particular waste treatment services being provided must help defray the original construction costs and any debt service thereon. The panel's approach in Nestlé relied in great part upon the Court's opinion in Airwick Industries, Inc. v. Carlstadt Sewerage Authority, 57 N.J. 107, 122, 270 A.2d 18 (1970) ("[T]he installation and construction costs, i.e. debt service charges, should ... ultimately be borne by all the properties benefited, including the unimproved lands[,] ... in order that they assume a fair share of the original construction costs when they become improved properties."), cert. denied, 402 U.S. 967, 91 S.Ct. 1666, 29 L.Ed.2d 132 (1971). See also In re Passaic County Utils. Auth., 164 N.J. 270, 753 A.2d 661 (2000); Meglino v. Twp. Comm. of Eagleswood, 103 N.J. 144, 510 A.2d 1134 (1986) and Animated Family Rest. of E. Brunswick v. E. Brunswick Sewerage Auth., 209 N.J.Super. 532, 508 A.2d 259 (App.Div.), certif. denied, 104 N.J. 441, 517 A.2d 432 (1986).
The Law Division opinion here did not consider or analyze any of these cases, which establish an analytical framework that should have guided the trial court in its resolution of the parties' conflicting claims to a connection fee. While we recognize that none of the five addresses the precise issue raised here, namely whether an entity that maintains only an indirect connection is entitled to such a fee, these cases all broadly hold that a user who later benefits from a waste treatment system must share in the original cost of constructing it. When the rationale of those five cases is considered, the error of the trial judge's conclusion becomes clear. North Bergen MUA, which provides the benefit of waste treatment to plaintiff's property, should be entitled to share in the connection fee plaintiff paid. The judge's failure to consider any of these five cases led her to erroneously adopt a flawed all-or-nothing approach.
*608 Moreover, we conclude that the judge's analysis of the actual statutory language was incorrect. In particular, the judge observed that the words "direct" and "indirect" were present in both N.J.S.A. 40:14A-8(a) (service charges levied by sewerage authorities) and N.J.S.A. 40:14B-22 (service charges levied by municipal authorities), whereas the word "indirect" was absent from the connection fee provisions of those same statutes. She interpreted the absence of the word "indirect" from the connection fee statutes as evidencing a legislative intent to limit the assessment of fees for indirect connections to only the service fee context. That conclusion ignores the fact that the connection fee sections of the two statutes do not use the terminology "direct" when describing those users who may be charged a connection fee. Had the Legislature chosen to use the work "direct," but omitted the term "indirect," the judge's reasoning might have been more persuasive.
Instead, the sewerage authority statute, N.J.S.A. 40:14A-8(b) merely provides that "[i]n addition to any ... periodic service charges, a separate charge in the nature of a connection fee or tapping fee, in respect of each connection of any property with the sewerage system, may be imposed upon the owner or occupant of the property so connected." The corresponding municipal utilities authority statute, N.J.S.A. 40:14B-22, contains identical language, and likewise omits any reference to those users with "direct" connections being charged a connection fee.
Consequently, the judge's conclusion that the omission of the word "indirect" from the connection fee statutes must inure to the benefit of North Hudson SAis flawed. That conclusion would only be viable had the statutes specified that those with direct connections are to be assessed a connection fee. Under those circumstances, the omission of the term "indirect" would have been meaningful.
Of even greater significance, however, is the "each connection" language in N.J.S.A. 40:14A-8(b) and N.J.S.A. 40:14B-22. After specifying that those users who have "direct or indirect connections" may be assessed a periodic service fee, the statutes specify in the very next paragraph that a separate connection fee may be charged "in respect of each connection of any property with the sewerage system." See N.J.S.A. 40A:14-8(b) and N.J.S.A. 40:14B-22 (emphasis added). Unquestionably, the term "each connection" is intended to include by reference the very users specified in the preceding paragraph, namely those with both indirect and direct connections. The term "each connection" is not susceptible of any other reasonable interpretation. Consequently, we conclude that users such as plaintiff, which has an indirect connection to North Bergen MUA's waste treatment system, must pay a connection fee to North Bergen MUA for that indirect connection in addition to the connection fee owed to North Hudson SA, with which it has a direct connection.
We remand to the Law Division for a hearing to determine the fair apportionment between North Hudson SA and North Bergen MUA of the $153,655 connection fee that plaintiff has deposited in escrow. We do not retain jurisdiction.
Reversed and remanded.
NOTES
[1] Plaintiff dismissed its complaint against the Department of Environmental Protection without prejudice.
[2] The judge misspoke when she referred to N.J.S.A. 40:14B-21, which sets forth connection fees for water lines. The applicable provision of the MCUAL that pertains to sewerage is instead N.J.S.A. 40:14B-22. That error had no impact on the decision the judge ultimately reached because the language of N.J.S.A. 40:14B-21 and N.J.S.A. 40:14B-22 is identical for the purposes of this appeal. We therefore refer throughout this opinion to N.J.S.A. 40:14B-22, rather than N.J.S.A. 40:14B-21.
[3] Amicus asserts that, at a minimum, seven regional sewerage treatment facilities assess connections fees for indirect connections to their sewerage systems: Passaic Valley Sewerage Commissioners, Bergen County Utilities Authority, Gloucester County Utilities Authority, Joint Meeting of Essex and Union Counties, Rahway Valley Sewerage Authority, Monroe Township Municipal Utilities Authority and Camden County Municipal Utilities Authority.